*249 OPINION of the Court, by
Judge Wallace.
This is a contest for land, in which Lock heart’s heirs were defendants in the court below. They rely on the cider grant and entry, but have not attempted to support their entry; therefore, the entry on which Trabue’s heirs have founded their claim must be first investigated, and isas follows : u June 8th, 1780, James Trabue enters 1450 acres upon a treasury warrant, on a branch of L'cking called Mill creek, 1 1-4 mile below M’Fall’s, running down both sides of the creek, on the edge of the bottom on the west side, and out the east side for quantity.” From the size and situation of Licking, it eught to be presumed that it was sufficiently notorious *250 the time this entry was made, and it is not even suggested that it ever was dist’-nguished by any other name ; it is satisfactorily proven, that Mill creek was then known by that name, to the generality of those who were conversant in its vicinity. But strong doubts t() rbe meaning of the expressions, 1 1-4 mile M’Fall’s. The word M’F all’s seems to be ⅛ the possessive case, but the entry does not contain any word which ¡t can be governed. It is however very obvious that the word land must be subjoined to the word acres, or it must necessarily be so unde rstood ; and this is believed is the fact as to a great number of entries, court is therefore of opinion, that the entry under consideration can onlv be supported by subjoining the word land t0 the wÓrd M’Fall’s ; for it appears from the following location and entry, that a person by the name of M’Fall, had a claim to land in- this quarter, ⅛⅛ Tanuary 31st, 1780, John M’Fall this day claimed a pre-emption of 1000 acres, &c. on account of marking an¿ improving the same in the year 1776, lying onJVlll creek^ Wajers of Licking, about six miles from Rud-die’s station, to include a small deer lick avid his ca-kin/5 ike. And, “ April 27th, 1780, John M rail enters ⅞ pre.empúon warrant of 892 acres on Mill creek, the waters of Licking, about six miles from Ruddle’s sta-titui, a west course, to include a deer lick, aoout two or three miles below the fork of the creek.” M’Fall’s entry with, the surveyor being his last act, he must be bound by it, however variant it may he from his loca-t*on lvhh the commissioners ; and consequently a subsequent locator could onlv avail himself of it, under a cau for M’Fall’s land. The call in M’Fall’s entry, about two or three miles below the fork of the creek, may serve to identify the deer lick, which had been cal-fQr in his location with the commissioners ; but the cajj Jn the entry to include a deer lick only, is variant from the call in the location, which calls to include a ¿[eer lick and his cabin. This variance may not be ve-material in a general point of view, the notoriety of both M’Fall’s cabin, and of the deer lick, by the name of M’Fall’s lick, being well established, and proven to have been within 30 poles of each other. But this variance shews that the court below certainly erred m deciding that M’Fall’s improvement, which is not even *251 called for in his entry with the surveyor, ought to he the point from which 1 1-4 mile below M’Falls shoul 1 be extended, to ascertain the upper boundary of Trabue’s entry. And it is not improper also to observe, that M’Fall’s deer lick could not be understood fey other locators to be the point from winch the 1 1-4 mile ought to be extended ; because it is not either expressed or implied in Trabue’s entry. If it should be urged, that at an early period, by the word M1 Fall’s, would have been understood his improvement, with the same certainty as now M’Fall’s dwelling place would be understood, had he a well known place of residence ; vet give this sentiment all the weignt wnsen can be desired, it would only prove that Trabue’s entry was void for the uncertainty' ot the expression M' Fails ; for it must be admitted that to understand that M’Fall’s land was meant, would at least be equally rational ; and then the utmost length, the court can go to save the entry from entire destruction, is to embrace that construction which will be the least injurious to JLockheart’s heirs. Therefore, from this consideration likewise, this court is of opinion, that M’Fall’s 892 acres should be surveyed in a square with the lines to the cardinal points, including M’Fall’s deer lick, in the centre ; then that Trafa.ue’s entry should commence 11-4 mile on a direct line below M’Fall’s lower boundary ; and then that Trabue’s surve_y should have been laid off'down Mill creek, oa both sides of it, as directed by the court below in their decree ; with this exception however- — that court erred, or has expressed itself vaguely, as to the edge of the bottom which is to be tire western boundary of 1 ra-bue’s claim ; and this court is of opinion, that the edge or margin of the bottom adjoining the western hills, ought to be understood. The form and situation of Trabue’s entry being thus fixed, his heirs ought to recover from Loekheart’s heirs all the land, and no more, which shall thus be comprehended, and which is also comprehended, both ui the survey that has been made -on the said entry in the name of Trabue, and on the entry in the name of Lockheart.
e? Z & improving is bound by his i™rt and6 ceitificate calling to include ⅛⅞ the en ry with the _ furveyor for in. tTlk only! the certifi a'.e and entry can to°geth!i-!⅜⅛ acc4 Bowman
preifions th¿ utmott length to'to°fave the entry, b to *kAthaC rnv> Win 'be le'st injurious to the co fliOing Cpredle v Van.
rhe dijiance °(uaZ Zu be' low M’Fail’s, t"bf‘akeToú a° direct Im, iommnc¡n¿ where M'Fall'e lower line crosses i be creek, Ss terminating at the diitance on £he creek.
'The iurvey directed.
, -1⅛ cott,i « «hearing & affirmed former is nng the term a£ which the *®e™j!ice the decree,
Wherefore it is decreed and ordered, that the said decree of the circuit court for the county of Bourbon be reversed and set aside ; and that the heirs of the said ] ames Trabue, do pay unto the heirs of the said Jacob *252 Lockheart, their costs in this behalf expended. And it is further decreed and ordered, that this suit be remanded to the said court j and that it cause the interference of the land claimed by the said parties, tobe ascertained conformably to the foregoing opinion, and enter up ⅞ decree in favor of the heirs of Trabue, if there shall be found to be any such interference ; and moreover, to decree and order therein whatever else law and equity may require.
Upon petition a rehearing was granted, and after-wards, spring term 181 Í, the former decree was affirmed ; during die same term, all the judges being present. Judge Wallace delivered the following opinion in ex-pían, tioa oí tne decree.
Trie decision of this suit, pronounced at the last terra of this court, has, on a rehearing, been affirmed this term ; since which it has been suggested by the counsel for the defendants, that the expression contained in the decision, “ Trabue’s entry should commence 1 1-4 mile on a direct line below M’Fall’s lower boundary,” is not sufficiently explicit. And inasmuch as the record of the case is still within the power of the court, the following explanation is deemed expedient. It is conceived that the word below, as used in Trabue’s entry, is rather indefinite ; but it must mean, down Mill creek ; and as the calls in some entries, for northwardly, and such like, when used as locative calls, have in support of such entries, always been taken by this court to mean precisely north, &c. so in this case it seems that the 1 1-4 mile should commence at the point where M’Fall’s lower line will cross the creek, when laid off conformably to the said decision ; and that Trabue’s upper line should cross the creek at the point in the creek where the said 1 1-4 mile will terminate j and then, that the survey on Trabue’s entry, should be completed agreeably to its other special calls, viz. to lie down the creek from the last mentioned point, as nearly in a square as running with the meanders of the western margin of the bottom will permit, and extending «astwardly therefrom, as its base, for quantity.